## McBROOM v. STATE. (6 Div. 198.)

(Court of Appeals of Alabama. Dec. 19, 1922.)

**1. Criminal law ⬅517(4)—Intoxicating liquors ⬅236(5)—Unexplained possession of still is evidence of illegal purpose; corpus delicti held proved as predicate for admission of confession.**

In a prosecution for possessing a still, the corpus delicti is the possession for the purpose of manufacturing prohibited liquors, and unexplained possession is prima facie evidence of illegal purpose sufficient to warrant proof of confession.

**2. Criminal law ⬅531(3) — Cross-examination held to prove predicate for admission of confession.**

Where a state's witness stated that defendant told him where the still was before defendant took it away, and on cross-examination witness stated that no one offered defendant any inducement to make a confession, the cross-examination proved the predicate for defendant's confession to witness that he · had taken it from the house and hid it in a pasture and moved it to the place he had it at the time it was found.

Appeal from Circuit Court, Winston County; T. L. Sowell, Judge.

George McBroom was convicted of possessing a still, etc., and he appeals. Affirmed.

The witness West, a deputy sheriff, after testifying that the still had been captured by him and left with W. A. Gamble, that it was later taken from Gamble's premises, and that, after a search, it was recaptured, testified that the defendant went with him to the place where the still was located; that the defendant told him where it was before he took him to the place; that the defendant told him he had put the still there, and told him where he (defendant) got it.

To the question propounded by the state, "Where did he say he got it?" the defendant objected, the court sustained the objection, and the question was not answered. On cross-examination the witness stated, in effect, that neither he nor any one else in his presence offered the defendant any inducement to make a confession; that witness arrested the defendant and told defendant before defendant took witness to where the still was that he (witness) had the "dope" on him; that he had an affidavit by defendant's father that defendant was the one who stole the still from the premises of Gamble.

On redirect examination the witness testified thus:

"He [defendant] said he raised the window and went in the house and got the still and first hid it in a man's pasture in a briar patch, and moved it to the place where he had it at the time we found it; he moved it from one place to another, and it was in this second place at the time where he said he put it."

W. V. & C. E. Mayhall, of Haleyville, for appellant.

The defendant was entitled to the general affirmative charge. The state failed to lay a proper predicate for admission of evidence tending toward a confession by the defendant.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] One Jim West found a still and deposited it with one Gamble, until the sheriff could be informed. Shortly afterwards, and at night, some one, unknown to Gamble, took the still and carried it away. The corpus delicti of the offense denounced by the statute is the possession of a still for the purpose of manufacturing prohibited liquors, and its unexplained possession is prima facie evidence of the illegal purpose. Therefore, when it was shown that some one had taken the still and carried it away, thereby exercising dominion over it, the jury had a right to conclude from these facts that the offense had been committed. The facts stated constituted a prima facie case on this point sufficient to warrant proof of the confession by the defendant that he was the guilty agent.

While the testimony of West might not have been sufficient upon his examination in chief to have shown the voluntary character of the defendant's acts and confession regarding the still, and in line with this the trial court so expressly held, the cross-examination of this witness by defendant's counsel developed and proved the predicate, and on redirect examination the state brought out the confession.

No objection to the venue was brought to the attention of the court.

We find no error in the record, and the judgment is affirmed.

Affirmed.